GailAnn Y. Stargardter (Bar No. 250749)
Andrew J. King (Bar No. 253962)
ARCHER NORRIS
A Professional Law Corporation
2033 North Main Street, Suite 800
Walnut Creek, CA  94596-3759
Telephone:	925.930.6600
Facsimile:	925.930.6620
gstargardter@archernorris.com
aking@archernorris.com

Attorneys for Plaintiff and Counterdefendant
ATAIN SPECIALTY INSURANCE
COMPANY f/k/a USF INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY f/k/a USF INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>SIERRA PACIFIC MANAGEMENT COMPANY, a California corporation; CALIFORNIA CAPITAL INSURANCE COMPANY, a California corporation<br><br>Defendants. | No. 2:14-cv-00609-TLN-DAD<br><br>**STIPULATION AND PROTECTIVE ORDER (DISCOVERY)** |
| CALIFORNIA CAPITAL INSURANCE COMPANY, a California corporation<br><br>Counterclaimant,<br><br>v.<br><br>ATAIN SPECIALTY INSURANCE COMPANY f/k/a USF INSURANCE COMPANY, a Michigan corporation<br><br>Counterdefendant. | |

CALIFORNIA CAPITAL INSURANCE COMPANY, a California corporation

        Third Party Plaintiff,

v.

JERRY LEE and BETTY LEE,

        Third Party Defendants.

      To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential Plaintiff/Counter-Defendant ATAIN SPECIALTY INSURANCE COMPANY f/k/a USF INSURANCE COMPANY ("Atain") Defendant/Counterclaimant and Third Party Plaintiff CALIFORNIA CAPITAL INSURANCE COMPANY ("CCIC") and Third Party Defendants, JERRY LEE and BETTY LEE ("Lees") hereby stipulate and agree as follows:

## STIPULATION

    1.    This Stipulated Protective Order ("Order") shall govern the handling of all printed and electronic documents, tangible things, testimony, discovery responses produced, delivered, or served during this action, either voluntarily or as required by discovery requests made pursuant to the Federal Rules of Civil Procedure (collectively "Material").

    2.    This Order is necessary to protect confidential, proprietary, and commercially sensitive business information pertaining to the parties' business operations, including Atain's confidential internal claims-handling manuals and guidelines which have been sought by written discovery in this Action.  The Parties acknowledge that such materials are designed for strictly internal-use only, such that unrestricted disclosure without the protection of a court order could adversely impact Atain's commercial operations and practices.  In these circumstances, Atain believes that only a court order is sufficient to ensure the protection of these proprietary Materials.

    3.    The parties will use all reasonable efforts to limit the amount of information

designated as Confidential Material.  All Confidential Material shall be used solely for the prosecution and/or defense of this action.  Confidential Material shall not be used, directly or indirectly, by any person, including, without limitation, experts, for any business, commercial or competitive purpose or for any purpose whatsoever other than the preparation, trial and appeal of judgments or orders of this action.

4. In responding to requests for discovery in this action, any party or non-party (the "producing party"), may designate as confidential any Material that the producing party in good faith believes (a) contains trade secrets; (b) concerns sensitive issues of corporate planning or business strategy not directly related to the merits of the lawsuit; (c) is required to be maintained as confidential pursuant to any court order, settlement agreement, or other contractual agreement; (d) contains medical or other personal information, the disclosure of which would violate federal or state law, a court order, or other contractual agreement; (e) contains confidential attorney-client communications; or (f) constitutes work product.  Such designation shall be by written notice identifying the confidential Material and by stamping or otherwise affixing to the face of such Material the term "Confidential—Subject to Protective Order."

5. In the case of depositions of either party witness or non-party witnesses taken in this action, confidential information contained in such depositions or exhibits marked in such depositions shall be noted in accordance with Paragraph 3 or a substantially similar legend, or noted by making a statement on the record during the deposition or noted in writing to all parties in this action within fourteen (14) days following receipt of the transcript.  The parties may modify this procedure for any particular deposition through agreement of all parties attending such depositions, as reflected on the record of such deposition without further court order.

6. In accordance with Local Rules 141 and 141.1, if any papers filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be preceded or accompanied by  an application to file the papers or portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed, consistent with the procedures set forth in Local Rule 141.  For motions, the parties shall publicly file a redacted

version of the motion and supporting papers.

7. Designation of Material as Confidential Material will also render confidential any copies, excerpts, summaries, or other form of the substance or content of such Material. No party shall make or permit the making of more copies of Confidential Material than are reasonable necessary for the conducting of this action.

8. Inadvertent production of any Material intended to be protected as Confidential Material by the producing party without a designation of "Confidential" shall not waive the party's claim of confidentiality as to such Material. Within ten (10) days of discovering the inadvertent production ,the producing party may designate the same as "Confidential" pursuant to the provisions of Paragraph 4.

9. This Order shall not affect the treatment of any documents or information subject to the attorney-client privilege or work product doctrine under Federal Rules of Civil Procedure. A party who produces Material without intending to waive a claim of privilege or work product does not waive either claim under this Order if within ten (10) days or a shorter time ordered by the Court, after the producing party amends its response, identifying the Material produce and stating the privilege asserted. If the producing party thus amends its response to assert a privilege or protection, the party receiving such Material must promptly return the specified Material and any copies thereof, pending any ruling by the court denying the privilege or protection.

10. Except with the prior consent of the producing party, no Confidential Material may be disclosed to any person other than: (a) attorneys for the parties; (b) secretaries, paralegals, assistants, and other employees of such attorneys assisting in the preparation of this action; (c) employees of parties or their counsel involved in one or more aspects of organizing, filing, coding, converting, storing or retrieving data or designating programs for the handling of data connected with this action, including the performance of such duties in relation to computerized litigation support system; (d) outside copying or scanning services and third-party contractors performing one or more of the functions listed in section (c) above; (e) consultants and experts retained in this action; (f) parties to this action or directors, officers, managing agents, inside counsel or employees of any party to this action; (g) potential deposition or trial fact witnesses;

(h) the "Court" (including the jury and any special master appointed by the Court); (i) any mediators and/or arbitrators the parties may choose to retain in connection with this matter or in connection with claims related to this matter (j) insurers, reinsurers, or auditors for the parties; and (k) court reporters recording the proceedings in this action.

11. Confidential Material shall not be disclosed to any other entity except as provided in the preceding paragraph.

12. Nothing herein shall prevent disclosure beyond the terms of this Order if each and every party designating the information as Confidential Material consents, in writing, to such disclosure.

13. Nothing herein shall prevent disclosure of Confidential Material as required by law or compelled by order of any court, or restrict any party's use of its own Confidential Material provided:

    a. In the event an order from a governmental entity, a court or an arbitration tribunal requires disclosure of Confidential Material, the party from whom disclosure is sought shall give immediate written notice to the producing party to enable that party to take such protective actions as it may deem necessary.

    b. In the event that, absent an order referred to in subsection (a) above, any party believes that disclosure is otherwise required by law within the scope of this section, it shall give at least thirty (30) days written notice to the producing party prior to disclosing such Confidential Material (or, if disclosure is required within a shorter period, the party shall give written notice to the producing party within three (3) days of receipt of any such demand), setting forth the Confidential Material which it proposes to disclose, the identity of each person or entity to whom the Confidential Material is to be disclosed, the statute, tribunal or other legal authority requiring disclosure and the circumstances under which the disclosure is proposed to be made, along with a request to consent to such disclosure.

14. Counsel shall inform each person identified in Paragraph 10 to whom disclosure or access to Confidential Material is reasonably necessary for this litigation of the terms of this Stipulation by providing them with a copy of this Stipulation and shall advise them of their

obligation to comply with the terms of this Stipulation, and require them to sign a copy of the "Acknowledgment and Agreement to Be Bound," attached as Exhibit A to the Stipulation.

15.  Notwithstanding any other provisions of this Order, nothing herein shall prohibit attorneys for the parties from disclosing Confidential Material to the person the document expressly identifies as author, addressee, recipient or subject of the document.

16.  The authorization contained herein for the parties to designate any information as Confidential Material is intended solely to facilitate preparation and trial of this case, and such designation shall not be construed in any way as an admission or agreement by an opposing party that such Material constitutes or contains confidential or secret information.

17.  Any party shall have the right to challenge any designation of confidentiality by a producing party by serving written notice of objection to the Party designating the material "Confidential."  The Parties shall then attempt, in good faith, to resolve the dispute.  Any resolution shall be set forth in writing and signed by the objecting and producing parties.  If the Parties are unable to come to a resolution after a good faith attempt to resolve the dispute, the Party challenging the protection of material shall seek the assistance of the Court with respect to any Confidential Material.  Any such challenge must be made sixty (60) days before trial.  Any motion challenging a designation will need to be made in strict compliance with Local Rule 251 (including the Joint Statement re Discovery Disagreement requirement).  In any such motion, the burden of establishing the need for confidentiality shall be upon the proponent of confidentiality and no inference shall be drawn from the fact that the Material previously was designated as confidential under this Order.  The designated Material in question shall continue to be treated as Confidential Material subject to the terms of this Order until the Court acts on the motion, and thereafter if the Court's ruling does not remove the designation.

18.  Pursuant to Local Rule 141, no sealed or confidential record of the Court maintained by the Clerk shall be disclosed except upon written order of the Court.  Any Confidential Material that is admitted as evidence in this action shall be part of the record of this action whether or not the Confidential Material has been filed under seal.

19.  Any party may ask the Court to hold any proceeding in this case *in camera* on the

ground that such proceeding will involve or relate to documents containing Confidential Material.

20.   At the conclusion of this case, the parties agree that Confidential Materials shall be retained in each party's counsel's respective files and subject to the terms of this Stipulation. With respect to all Confidential Materials provided to third parties as defined in paragraphs 10 (d)-(g) and (i)-(k), such third parties shall be required to return or destroy all Confidential Materials ninety (90) days after the entry of final judgment in this litigation from which no appeal has been taken or can be taken, upon request of a party.  Each party's own counsel who provided such Confidential Materials to such third parties shall advise the third parties of their obligations under this Stipulation to return or destroy the Confidential Materials.  This provision does not apply to any Confidential Materials which the parties are obligated to maintain to evidence the settlement or resolution of this case and/or the basis thereof.  Once such obligations cease to exist, the parties are required to promptly abide by the terms of this provision.

21.   This Court shall retain jurisdiction to enforce or modify this Order.

Dated: April 9, 2015         ARCHER NORRIS

 /s/ Andrew J. King
GailAnn Y. Stargardter
Andrew J. King
Counsel for Plaintiff/Counterclaim Defendant
Atain Specialty Insurance Corporation f/k/a USF Insurance Company

Dated: March 26, 2015         GRANT, GENOVESE & BARATTA, LLP

 /s/ Lance D. Orloff
James M. Baratta
Lance D. Orloff
Counsel for Defendant/Counterclaimant/Third Party Plaintiff California Capital Insurance Company

Dated: April 9, 2015         SPINELLI, DONALD & NOTT

 /s/ Sean M. Patrick
Ross R. Nott
Sean M. Patrick
Counsel for Third Party Defendants Jerry Lee and Betty Lee

## **ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: April 10, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
atain0609.stip.prot.ord.docx

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____[date] in the case of *Atain Specialty Insurance Co. v. Sierra Pacific Management Co., et al.*, Case No 2:14-CV-00609-TLN-DAD. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

ATA011/2004942-1