1  GailAnn Y. Stargardter (Bar No. 250749)
   Andrew J. King (Bar No. 253962)
2  ARCHER NORRIS
   A Professional Law Corporation
3  2033 North Main Street, Suite 800
   Walnut Creek, CA  94596-3759
4  Telephone:     925.930.6600
   Facsimile:     925.930.6620
5  gstargardter@archernorris.com
   aking@archernorris.com
6
   Attorneys for Plaintiff and Counterdefendant
7  ATAIN SPECIALTY INSURANCE
   COMPANY f/k/a USF INSURANCE
8  COMPANY

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11                      SACRAMENTO DIVISION

12

13  ATAIN SPECIALTY INSURANCE              No. 2:14-cv-00609-TLN-DAD
    COMPANY f/k/a USF INSURANCE
14  COMPANY, a Michigan corporation,       **STIPULATION AND ORDER**
                                           **REGARDING RESOLUTION OF**
15                 Plaintiff,              **DISCOVERY DISPUTE BETWEEN**
                                           **PLAINTIFF ATAIN SPECIALTY**
16  v.                                     **INSURANCE COMPANY AND**
                                           **DEFENDANT CALIFORNIA CAPITAL**
17  SIERRA PACIFIC MANAGEMENT              **INSURANCE COMPANY**
    COMPANY, a California corporation;
18  CALIFORNIA CAPITAL INSURANCE
    COMPANY, a California corporation
19
                   Defendants.
20
    ─────────────────────────────
21  CALIFORNIA CAPITAL INSURANCE
    COMPANY, a California corporation
22
                   Counterclaimant,
23
    v.
24
    ATAIN SPECIALTY INSURANCE
25  COMPANY f/k/a USF INSURANCE
    COMPANY, a Michigan corporation
26
                   Counterdefendant.
27

28

CALIFORNIA CAPITAL INSURANCE
COMPANY, a California corporation

Third Party Plaintiff,

v.

JERRY LEE and BETTY LEE,

Third Party Defendants.

Plaintiff and Counter-Defendant ATAIN SPECIALTY INSURANCE COMPANY f/k/a USF INSURANCE COMPANY ("Atain") and Defendant/Counterclaimant CALIFORNIA CAPITAL INSURANCE COMPANY ("California Capital"), and Third Party Defendants JERRY LEE and BETTY LEE (the "Lees"), through their respective counsel of record, hereby enter the following stipulation regarding the resolution of a discovery dispute, and agree as follows:

WHEREAS, Atain and California Capital have had a discovery dispute concerning certain partially-redacted or withheld documents identified on Atain's privilege logs provided in connection with Atain's responses to California Capital's requests for production of documents in this action;

WHEREAS, Atain withheld or partially-redacted the documents at issue on the grounds that they were attorney-client privileged communications with Atain or protected attorney work product regarding the filing and prosecution of this Declaratory Judgment action, and did not constitute the coverage advice provided to Atain with respect to the underlying *Dailey* Action;

WHEREAS, on July 1, 2015, California Capital filed a motion to compel the production of these documents (Docket No. 31), which is set to be heard by this Court on July 31, 2015;

WHEREAS, Atain and California Capital continue to dispute whether Atain has any obligation to produce the documents at issue or submit them for *in camera* review, as sought in California Capital's motion to compel;

WHEREAS, Atain believes that all documents that are the subject of California Capital's

1    motion to compel and identified on Atain's privilege logs were properly withheld or redacted on

2    the grounds of attorney-client privilege and the attorney work product doctrine;

3         **WHEREAS**, after meeting and conferring regarding their dispute, in an effort to avoid

4    expending further time and resources on this dispute, and to preserve the resources of the Court,

5    Atain and California Capital have agreed to resolve the instant discovery dispute according to the

6    following terms, in lieu of proceeding with California Capital's motion to compel.

7                                **STIPULATION**

8         Atain, California Capital, and the Lees hereby agree to and stipulate to each of the

9    following:

10        1.    Although Atain continues to maintain that the following documents constitute

11   protected attorney-client privileged communications, in order to permanently resolve the issues

12   raised in California Capital's motion to compel Atain will produce unredacted versions of

13   communications between Atain and its coverage counsel, GailAnn Y. Stargardter, that occurred

14   *on or before* March 5, 2014, the date on which Atain filed its Complaint for Declaratory

15   Judgment in this action.  The documents that Atain will produce in unredacted form reflecting

16   communications between Atain and its coverage counsel were previously identified on Atain's

17   privilege logs, and are specifically identified on **Exhibit A** attached hereto.

18        2.    Atain is not required to produce, and will not produce documents reflecting either

19   Ms. Stargardter's or Andrew J. King's work product or litigation strategy during the time they

20   drafted the Complaint for Declaratory Judgment.

21        3.    Atain is not required to produce, and will not produce, any documents reflecting

22   communications between Atain and its counsel that occurred *after* March 5, 2014, the date on

23   which Atain filed its Complaint for Declaratory Judgment in this action. Atain may withhold the

24   production of any and all such communications because they are protected under the attorney-

25   client privilege and the work product doctrine.

26        4.    Atain is not required to produce, and will not produce documents reflecting either

27   Ms. Stargardter's or Mr. King's work product or litigation strategy during the time they drafted

28   the Complaint for Declaratory Judgment or after the Declaratory Judgment Action was filed.

Atain may withhold the production of any and all such documents because they are protected by the work product doctrine.

5.      The production of the pre-Declaratory Judgment action communications identified in paragraph 1., above, does not waive, and shall not be deemed to waive, the protections afforded by the attorney-client privilege and the work product doctrine as to any and all communications between Atain and its counsel that occurred at any time after March 5, 2014.

6.      Atain is not required to produce, and will not produce any internal communications between and among its trial and coverage counsel or other employees at Archer Norris that occurred on or before March 5, 2014, which were previously identified on Atain's privilege logs, based upon Atain's affirmative representation that none of these communications concern the coverage advice provided by Archer Norris to Atain. Instead, these communications concern the drafting, preparation, and filing of the Complaint for Declaratory Judgment, and remain protected under the work product doctrine.

7.      Atain is not required to produce, and will not produce, any internal communications between and among its trial and coverage counsel or other employees at Archer Norris that occurred after March 5, 2014.  Any such materials will not be produced as they are protected under the work product doctrine.

8.      Atain is not required to prepare a privilege log identifying communications between Atain and its trial counsel that occurred after March 5, 2014, the date on which Atain filed its Complaint for Declaratory Judgment in this action.

9.      California Capital hereby withdraws its pending motion to compel (Docket No. 31), presently set to be heard by this Court on July 31, 2015, and requests that said motion be taken off calendar;

10.     Upon production of the documents identified in paragraph 1., above, all fact discovery in this action is closed, consistent with the terms of the Pretrial Scheduling Order (Docket No. 27), with the exception that California Capital reserves the right to conduct a further deposition of GailAnn Y. Stargardter limited to the pre-March 5, 2014 communications that are to be produced pursuant to this Stipulation.

1    **IT IS SO STIPULATED**, by and between Atain, California Capital, and the Lees, by

2    and through their respective counsel.

3

4    Dated: July 22, 2015                    ARCHER NORRIS

5                                            */s/  Andrew J. King*
                                            GailAnn Y. Stargardter
6                                            Andrew J. King
                                            *Attorneys for* Plaintiff and Counterdefendant
7                                            ATAIN SPECIALTY INSURANCE COMPANY
                                            f/k/a USF INSURANCE COMPANY

8

9    Dated:  July 22, 2015                   GRANT, GENOVESE & BARATTA, LLP

10                                           */s/ Lance D. Orloff* (as authorized on 7/22/15)
                                            James M. Baratta
11                                           Lance D. Orloff
                                            *Attorneys for* Defendant/Counterclaimant
12                                           CALIFORNIA CAPITAL INSURANCE
                                            COMPANY

13

14   Dated:  July 22, 2015                   SPINELLI, DONALD & NOTT

15                                           */s/ Sean M. Patrick* (as authorized on 7/22/15)
                                            Ross R. Nott
16                                           Sean M. Patrick
                                            Counsel for Third Party Defendants Jerry Lee and
17                                           Betty Lee

18                                  **ORDER**

19   Pursuant to the parties' stipulation, **IT IS SO ORDERED**.

20   Dated:  July 23, 2015

21

22   _____

23   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

24   Ddad1\orders.civil
     atain0609.stip.disc.res.ord.docx

25

26

27

28

5