1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    ATAIN SPECIALTY INSURANCE                No.  2:14-cv-00609-TLN-DB
      COMPANY,
12
                        Plaintiff,
13    v.                                          **ORDER**

14    SIERRA PACIFIC MANAGEMENT
      COMPANY and CALIFORNIA CAPITAL
15    INSURANCE COMPANY,

16                        Defendants.

17
      CALIFORNIA CAPITAL INSURANCE
18    COMPANY,

19                        Counterclaimant,
      v.
20
      ATAIN SPECIALTY INSURANCE
21    COMPANY,

22                        Counterdefendant.

23
      CALIFORNIA CAPITAL INSURANCE
24    COMPANY,

25                        Third-Party Plaintiff,
      v.
26
      JERRY LEE and BETTY LEE,
27
                        Third-Party Defendants.
28

                                        1

This matter is before the Court pursuant to two objections filed by Defendant California Capital Insurance Company ("California Capital") (ECF Nos. 93 & 95) in response to bills of costs filed by Plaintiff Atain Specialty Insurance Company ("Atain") and Third-Party Defendants Jerry Lee and Betty Lee ("the Lees") (ECF Nos. 92 & 94).  The Court has carefully considered the bills of costs and California Capital's objections thereto.  For the reasons set forth below, both of California Capital's objections are hereby SUSTAINED.

## I.   BACKGROUND

On November 3, 2016, this Court entered an Order resolving the parties' motions for summary judgment.  (ECF No. 89.)  In that Order, the Court granted Atain's motion for summary judgment, denied California Capital's motion for summary judgment, and granted the Lees' motion for summary judgment.  (ECF No. 89 at 22:3–13.)

Now, both Atain and the Lees have submitted bills of costs, to which California Capital objects.  Atain submitted a bill of costs on November 14, 2016, in the amount of $3,730.61.  (ECF No. 92.)  That amount is attributed to fees of the Clerk, fees for service of summons and subpoena, fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and docket fees under 28 U.S.C. § 1923.  (Pl.'s Bill of Costs, ECF No. 92 at 3.)  California Capital objects to Atain's bill of costs, arguing that the fees for service of summons and subpoena—$565.50 in total—exceed the amount allowable under Local Rule 292(f)(2).  (Def.'s Obj. to Pl.'s Bill of Costs, ECF No. 93 at 2:12–15.)

The Lees submitted their bill of costs on November 15, 2016, in the amount of $2,415.69.  (ECF No. 94.)  That amount is attributed to fees for printed or electronically recorded transcripts necessarily obtained for use in the case, and fees for witnesses.  (Third-Party Defs.' Bill of Costs, ECF No. 94 at 3.)  California Capital objects to the Lees' bill of costs, arguing that the claimed fee for witnesses includes $107.53 for the Lees' attorney's mileage to and from a deposition for which no travel was apparently required.  (Third-Party Pl.'s Obj. to Third-Party Defs.' Bill of Costs, ECF No. 95 at 2:3–18.)

///

///

2

## II.   LEGAL STANDARD

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, the prevailing party in a lawsuit may recover its costs, other than attorney's fees, "[u]nless a federal statute, [the civil rules], or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the [Court] discretion to refuse to award costs." *Ass'n of Mexican–Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). If the Court declines to award costs to the prevailing party, the Court must "specify reasons" for denying costs. *Id.* However, the Court need not "specify reasons for its decision to abide [by] the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003).

## III.   ANALYSIS

A prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. § 1920 and, in this District, by Local Rule 292. 28 U.S.C. § 1920 (specifying taxable costs); L.R. 292(f) (same). *See also Crane-McNab v. Cty. of Merced*, No. 1:08-cv-1218-WBS-SMS, 2011 WL 794284, at *1 (E.D. Cal. Mar. 1, 2011) ("Rule 54(d) (1) of the Federal Rules of Civil Procedure and Local Rule 292 govern the taxation of costs to losing parties, which are generally subject to limits set under 28 U.S.C. § 1920."). 28 U.S.C. § 1920 enumerates which fees and expenses the Court may tax as costs. Local Rule 292(a) prescribes that "[c]osts shall be taxed in conformity with the provisions of 28 U.S.C. § 1920" and Local Rule 292(f) provides a list of specific fees and expenses that are taxable as costs. L.R. 292(a), (f).

### A.   Atain's Bill of Costs

Local Rule 292(f)(2) allows for the taxation of fees paid to a private process server, but only "to the extent they do not exceed the amount allowable for the same service by the Marshal." L.R. 292(f)(2). The party seeking fees for private service of process must demonstrate that the fees requested do not exceed the Marshal's fees for the same service. *Robinson v. Kia Motors Am., Inc.*, No. 2:10-cv-03187-SOM, 2016 WL 4474505, at *2 (E.D. Cal. Aug. 25, 2016); *Davis v. Hollins Law*, No. 2:12-cv-03107-TLN-AC, 2014 WL 2875778, at *3 (E.D. Cal. June 24, 2014); *Gregory v. Allied Prop. & Cas. Ins. Co.*, No. 2:10-cv-01872-KJM-EFB, 2013 WL 949529, at *1

1    (E.D. Cal. Mar. 11, 2013).  At the time of service in the instant case, the Marshal charged $65 per

2    hour for personal service, with additional fees for travel and mileage.  28 C.F.R. § 0.114(a)(3),

3    (c).

4         Atain's bill of costs includes $565.50 paid to a private process server to serve summons

5    on California Capital and Defendant Sierra Pacific Management Company.  (ECF No. 92 at 5,

6    10–12.)  California Capital objects to that portion of Atain's bill of costs, arguing that "[Atain's]

7    request for fees for service of summons and complaint is not the fee that the Marshall [sic] would

8    have charged for the same service."  (ECF No. 93 at 2:12–13.)  Although Atain has provided

9    receipts documenting what it paid for private service, it has provided no documentation indicating

10   the length of time or mileage necessary to effect that service.  (*See* ECF No. 92 at 3, 5, 10–12.)

11   Consequently, the Court is unable to calculate what the Marshal would have charged for the same

12   service and Atain has not demonstrated its entitlement to the fee.  *See Robinson*, 2016 WL

13   4474505, at *2; *Davis*, 2014 WL 2875778, at *3; *Gregory*, 2013 WL 949529, at *1.  California

14   Capital's objection to taxation of the $565.50 fee for private service of process is hereby

15   SUSTAINED.  Atain's bill of costs, less the $565.50, comes to $3,165.11.

16        B.  The Lees' Bill of Costs

17        Fees and disbursements for printing and witnesses may be taxed as costs.  28 U.S.C.

18   § 1920(3).  For witnesses, 28 U.S.C. § 1821 specifies the applicable per diem and mileage rates.

19   Local Rule 292(f)(8) limits taxable costs according to the dictates of § 1821.  L.R. 292(f)(8).

20        The Lees' bill of costs identifies $237.53 in fees for witnesses.  (ECF No. 94 at 3.)

21   However, the itemized computation of witness fees that the Lees provide in support of their bill of

22   costs specifies that $107.53 of the claimed fees for witnesses derives from "[*a*]*ttorney's* mileage

23   to and from deposition of Craig Hoertling."  (ECF No. 94 at 5 (emphasis added).)  Local Rule

24   292(f)(8) provides that mileage for *witnesses*, not attorneys, may be taxed as costs.  L.R.

25   292(f)(8).  The Lees are not entitled to the $107.53 mileage fee for their attorney's travel.  In any

26   event, the deposition of Craig Hoertling did not require any travel on the part of the Lees'

27   attorney, because it took place at the Lees' attorney's office.  (Dep. of Craig Hoertling, ECF No.

28   95-1 at 3:13–17, 7:1–7.)  California Capital's objection to taxation of the $107.53 ascribed to

"[a]ttorney's mileage to and from deposition of Craig Hoertling" is hereby SUSTAINED.  The Lees' bill of costs, less the $107.53, comes to $2308.16.

IV. **CONCLUSION**

For the foregoing reasons, it is hereby ORDERED as follows:

1. California Capital's objection (ECF No. 93) to Atain's bill of costs (ECF No. 92) is SUSTAINED.  In accordance with this Order, the bill of costs is hereby amended, decreasing the costs awarded to Atain to $3,165.11.

2. California Capital's objection (ECF No. 95) to the Lees' bill of costs (ECF No. 94) is SUSTAINED.  In accordance with this Order, the bill of costs is hereby amended, decreasing the costs awarded to the Lees to $2308.16.


IT IS SO ORDERED.


Dated: December 1, 2016

Troy L. Nunley
United States District Judge

5